OPINION
 

 MAYER, Circuit Judge.
 

 This is an appeal from a decision of the United States Claims Court, 12 Cl.Ct. 711 (1987), holding that a payment bond surety on a federal contract could not defeat the government’s right of setoff because of the surety’s status as the issuer of performance bonds on unrelated federal contracts. We affirm.
 

 Background
 

 The facts are not in dispute. Dependable Insurance Company, Inc. (Dependable) has acted for several years as both payment and performance bond surety for Hermes Paint Contractors, Inc. (Hermes). Due to multiple defaults by Hermes, Dependable has been called upon to fulfill many of Hermes’ obligations to the government. To date, Dependable claims it has been required to spend approximately $632,000 fulfilling its bond obligations, and has received contract balances of approximately $464,000. Dependable has thus been left with a deficit of approximately $168,000.
 

 One of the projects bonded by Dependable was a contract between Hermes and the Navy to repair the Navy Museum at the Washington Navy Yard. Although Hermes completed performance under the Navy contract, it defaulted on payment obligations. Accordingly, Dependable paid the $41,613.13 that Hermes owed various subcontractors and suppliers, and in the process, incurred expenses of $43,413.38.
 

 The Navy currently holds a retainage of $41,022 on the Navy contract. The Internal Revenue Service (IRS) claims those funds because of the failure of Hermes to pay substantial amounts of withholding, social security and unemployment taxes. Dependable, however, filed this suit asserting that it, rather than the IRS, had the right to the retained contract proceeds. In support of its claim, it argues that (1) as payment bond surety on the Navy contract it was entitled to set off the retained funds against expenses it had incurred on that contract, and (2) as a performance bond surety on other federal contracts, it was entitled to set off the retainage held by the government under the Navy contract.
 

 The Claims Court rejected Dependable’s claim to the retainage, observing that a payment bond surety generally cannot defeat the government’s right of setoff.
 
 “A
 
 surety’s remedies are limited to recovery from funds held by the government pursuant to the underlying construction contract.” 12 Cl.Ct. at 714. Accordingly, the court held that Dependable’s status as performance bond surety on other federal contracts gave it no right to retainages held under the Navy contract.
 

 Discussion
 

 The Miller Act requires prime contractors on major federal construction projects to post both payment and performance bonds.
 
 See
 
 40 U.S.C. § 270a et seq. Under a performance bond, a surety guarantees that the project will be completed if a contractor defaults.
 
 See Aetna Casualty & Sur. Co. v. United States,
 
 845 F.2d 971, 973 (Fed.Cir.1988). It is designed to ensure “that [the government] is not left with a partially completed project because of an insolvent contractor.”
 
 Morrison Assurance Co. v. United States,
 
 3 Cl.Ct. 626, 632 (1983);
 
 see also United States v. Ardelt-
 
 
 *67
 

 Horn Constr. Co.,
 
 446 F.2d 820, 821 (8th Cir.1971).
 

 Under a payment bond, in contrast, a surety is required to pay subcontractors, materialmen, and laborers if the prime contractor fails to do so.
 
 See Aetna Casualty & Sur. Co.,
 
 845 F.2d at 973 (quoting
 
 Morrison Assurance,
 
 3 Cl.Ct. at 632). A payment bond, however, does not assure that the project will be completed if the contractor defaults or becomes insolvent.
 

 Here, Dependable was a payment bond surety on the Navy contract. It acknowledges that the government’s right to retained contract proceeds are generally superior to those of a payment bond surety.
 
 See, e.g., United States v. Munsey Trust Co.,
 
 332 U.S. 234, 244, 67 S.Ct. 1599, 1604, 91 L.Ed.2d 2022 (1947). But Dependable contends that its status as performance bond surety on other contracts between Hermes and the United States gives it the right to the retained funds under the Navy contract. In essence, Dependable seeks to enlarge its rights under the Navy contract by relying on its status as a performance bond surety on other federal contracts.
 

 As Dependable correctly points out, performance bond sureties, unlike payment bond sureties, can defeat claims of the IRS to retained contract proceeds.
 
 See Security Ins. Co. v. United States,
 
 428 F.2d 838, 842, 192 Cl.Ct. 754 (1970);
 
 Morrison Assurance,
 
 3 Cl.Ct. at 632. The reason for this is that when a surety finances completion of a project, it confers a benefit upon the government by relieving it of the task of completing performance itself. It therefore becomes subrogated not only to the rights of the prime contractor but to those of the government.
 
 See Security Ins. Co.,
 
 428 F.2d at 842. Accordingly, a completing performance bond surety has the right to accumulated contract proceeds free from setoff by the government.
 

 Contrary to Dependable’s assertions, however, it cannot use its status as a performance bond surety on unrelated federal contracts to expand its right to retained contract proceeds under this Navy contract. A surety’s rights and remedies are limited to recovery of retained funds from the contract generating the claim.
 
 Id.
 
 at 844 (“plaintiff is ... not entitled to recover any amounts it may have expended pursuant to the payment or performance bonds on [a different project]”);
 
 Balboa Ins. Co. v. United States,
 
 775 F.2d 1158, 1163 (Fed.Cir.1985) (surety has right to funds retained by government “to the extent the surety has obligations arising under the contract”);
 
 Ram Constr. Co. v. American States Ins. Co.,
 
 749 F.2d 1049, 1055 (3d Cir.1984);
 
 Western Casualty & Sur. Co. v. Brooks,
 
 362 F.2d 486, 491 (4th Cir.1966);
 
 see Universal Sur. Co. v. United States,
 
 10 Cl.Ct. 794, 797 (1986) (“a surety’s remedy is limited to recovery from a fund held by the govemment/owner pursuant to the construction contract”). Accordingly, Dependable cannot improve its position as a payment bond surety on the Navy contract by invoking its status as a performance bond surety on other federal contracts.
 

 The mere fact that a surety enters into a number of construction bonds with the same contractor does not change that result.
 
 Western Casualty,
 
 362 F.2d at 491. Subrogation is bottomed “on the unpaid debts on each contract; relates back in time to the execution of that specific bond; and
 
 is limited in scope to the debts arising under one contract.” Id.
 
 (emphasis added);
 
 see also Ram Constr.,
 
 749 F.2d at 1055. So even though the same prime contractor (Hermes) was involved in all the contracts, Dependable’s power to defeat the government’s right of setoff is limited to the specific contracts on which it fulfilled its performance bond obligations.
 

 Dependable’s entire argument is premised on the idea that by fulfilling its performance bond obligations it became subro-gated to “all of the government’s rights.” But a completing surety does not become subrogated to “all of the government’s rights,” only the rights of the government
 
 *68
 
 on the contract of which it completes performance.
 
 See, e.g., Western Casualty,
 
 362 F.2d at 491. Nothing supports Dependable’s claim that it is entitled to be subrogated to rights to retained funds on contracts where it fulfilled payment bond obligations.
 

 Conclusion
 

 Accordingly the Claims Court’s judgment is
 

 AFFIRMED.